**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

KEVIN GREEN,

    Plaintiff,

v.                                                                    ACTION NO.
                                                                       2:05CV340

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Defendants.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying petitioner's Motion for the Authorization of Compensation for Expert Services.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

Kevin Green filed his petition for habeas corpus in this Court, pursuant to 18 U.S.C. § 2254, on December 1, 2005. By Order dated May 4, 2006, this Court granted Green's motion for an evidentiary hearing and his motion for appointment of an expert investigator to prepare for the evidentiary hearing. The Court also ordered the payment of fees and expenses for the expert investigator, not to exceed $7,500.00, pursuant to 21 U.S.C. § 848. That statute has been replaced by 18 U.S.C. § 3599, which is substantively identical to its predecessor statute.

This Court conducted an evidentiary hearing during which testimony was heard from experts presented by both the petitioner and respondent on the issue of whether the petitioner is mentally retarded as defined by the Virginia Code. Petitioner's evidence consisted of, among other things, a declaration from James R. Flynn, Ph.D., and testimony from Daniel J. Reschly, Ph.D., and Matthew H. Scullin, Ph.D.

Petitioner filed his Motion for the Authorization of Compensation for Expert Services [Doc. No. 83] and his memorandum in support of the motion on December 14, 2006. The respondent's opposition to petitioner's motion was filed on December 22, 2006. In his motion, Green requests this Court to authorize payment of outstanding fees owed to Dr. Reschly and to compensate the law firm McDermott, Will & Emery LLP, which represented the petitioner in his evidentiary hearing *pro bono,* for reimbursing Drs. Flynn and Scullin. In total, Green requests Court approval of $29,176.56 in fees and expenses, including $3,343.97 for the travel, accomodation, and meal expenses incurred by Dr. Scullin, who testified at the evidentiary hearing that his services were being rendered *pro bono*. (Hearing Tr. 35.)

## II. ISSUE

The sole issue before the Court is whether the petitioner is entitled to recover fees and expenses paid for the expert services provided by Drs. Flynn, Reschly, and Scullin, under 18 U.S.C. § 3599, when the petitioner first moved the Court for authorization of and compensation for the experts' services after their completion.

## III. ANALYSIS

A petitioner for habeas corpus under section 2254 who is seeking to vacate or set aside a death sentence is entitled to be furnished reasonably necessary services, including those of an

investigator or expert witness.  See 18 U.S.C. § 3599(a)(2).  Such a petitioner's entitlement to those services is not unqualified, however.  Instead, the court "may authorize the defendant's attorneys to obtain such services on behalf of the defendant" only "[u]pon a finding that investigative, expert, or other services are reasonably necessary for the representation of the defendant."  18 U.S.C. § 3599(f).  If the court authorizes the defendant's attorneys to obtain such services, the court's order for the payment of fees and expenses in connection with those services is limited to $7,500.00, "unless excess of that limit is certified by the court . . . as necessary to provide fair compensation for services of an unusual character or duration, and the amount of the excess payment is approved by the chief judge of the circuit."  18 U.S.C. § 3599(g)(2).

Green argues that expert services were reasonably necessary, entitling him to recover the fees and expenses of his experts' services under Section 3599, because the Virginia Code's mental retardation statute requires proof of subaverage intellectual functioning and significant limitations in adaptive behavior originating before the age of eighteen, both of which require assessment by an expert.  To the extent Green requests certification to the Fourth Circuit to recover fees and expenses in excess of $7,500.00, he offers no explanation for why his experts' services were of "an unusual character or duration", as required by Section 3599(g)(2).

Even taking as true Green's assertion that expert services are reasonably necessary to prepare for and testify at an evidentiary hearing in which mental retardation is at issue, Green is not entitled to compensation for his experts' fees and expenses because he failed to comply with the mandates of Section 3599.  Section 3599(a)(2) of Title 18 of the United States Code is explicit that indigent defendants and defendants seeking to vacate or set aside a death sentence are entitled to be furnished reasonably necessary services "in accordance with subsections (b) through (f)."  Subsection (f) states

that *"[u]pon a finding that investigative, expert, or other services are reasonably necessary* for the representation of the defendant . . . the court may authorize the defendant's attorneys to obtain such services on behalf of the defendant and, if so authorized, shall order the payment of fees and expenses therefor under subsection (g)." 18 U.S.C. § 3599(f) (emphasis added). The opening clause of Section 3599(f) makes clear that the court's ability to authorize the defendant's attorneys to obtain such services is conditioned on a finding, by the court, that such services are reasonably necessary. See Williams v. Taylor, 189 F.3d 421, 431 (4th Cir. 1999) (upholding the district court's denial of petitioner's request for expert assistance under 21 U.S.C. § 848, predecessor to 18 U.S.C. § 3599, when petitioner failed to show the services were reasonably necessary), reversed on other grounds, 529 U.S. 420 (2000). Even then, it is within the court's discretion to grant authorization, as the statute plainly states that the "court *may* authorize the defendant's attorney to obtain such services . . . ." 18 U.S.C. § 3599(g) (emphasis added).

As evidenced by their invoices attached as Appendix A and Appendix C to the petitioner's memorandum, Drs. Reschly and Flynn began working on this case in mid-July, 2006. Green's first request to this Court to authorize the services of psychological experts was presented in the instant motion, filed December 14, 2006 [Doc. No. 83], five months after the experts' assistance began and over a month after the evidentiary hearing and the experts' services were completed. Green did not even attempt - prior to obtaining his experts - to show that expert assistance was reasonably necessary in order to obtain authorization from the Court to obtain such experts, which is a prerequisite to this Court's authority to order the payment of fees and expenses of the services in accordance with Section 3599(g). See Williams, 189 F.3d at 431. Therefore, this Court recommends that Green's Motion for the Authorization of Compensation for Expert Services [Doc.

No. 83] be DENIED.

## IV. **RECOMMENDATION**

For the foregoing reasons, the Court recommends that Petitioner's Motion for the Authorization of Compensation for Expert Services [Doc. No. 83] be DENIED.

## V. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(c), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

                                                /s/
                                                Tommy E. Miller
                                        UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
February 13, 2007

## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Eric Stephen Johnson, Esq.
Matthew Michael Leland, Esq.
Richard Wettersten Smith, Esq.
McDermott, Will & Emery
600 13th Street, N.W.
Washington, DC 20005-3096

Michele Jill Brace, Esq.
Virginia Capital Representation Resource Center
2421 Ivy Rd
Suite 301
Charlottesville, VA 22903

Timothy Meade Richardson, Esq.
Huff Poole & Mahoney PC
4705 Columbus St
Suite 100
Virginia Beach, VA 23462-1521

Katherine Pharis Baldwin, Esq.
Matthew Peter Dullaghan, Esq.
Paul Christopher Galanides, Esq.
Robert Quentin Harris, Esq.
Office of the Attorney General
900 E Main St
Richmond, VA 23219

Fernando Galindo, Acting Clerk

By _____
    Deputy Clerk

February   , 2007