UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KEVIN GREEN,

       Petitioner,

     v.                       CIVIL ACTION NO. 2:05cv340

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

       Respondent.


## OPINION AND FINAL ORDER

This matter was initiated on December 1, 2005, by petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner was convicted for the capital murder of Patricia L. Vaughan and was sentenced to death on January 24, 2002. The petition alleges violations of federal constitutional rights pertaining to petitioner's conviction and sentencing in the Circuit Court of Brunswick County, Virginia. Specifically, petitioner attacks the validity of his conviction and sentence in five separate claims. See infra Part II. This matter comes before the court on respondent's January 13, 2006, motion to dismiss the petition. On February 3, 2006, petitioner filed a response to respondent's motion to dismiss. Respondent then filed a reply to petitioner's response on February 14, 2006.

This matter was referred to a United States Magistrate Judge for Report and Recommendation ("R & R"), pursuant to the provisions

of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal
Rules of Civil Procedure, and Rule 72 of the Rules of the United
States District Court for the Eastern District of Virginia.   On
May 7, 2006, on petitioner's motion, the Magistrate Judge granted
an evidentiary hearing to determine whether petitioner was mentally
retarded under Virginia law as to Claim V.   This three-day hearing
was held on October 31, 2006, November 1, 2006, and November 3,
2006.   The Magistrate Judge then filed his R & R on December 15,
2006.   The Magistrate Judge recommended that the petition be denied
and dismissed in its entirety.   The Magistrate Judge also
recommended that the court issue a certificate of appealability, as
required by Rule 22(b) of the Federal Rules of Appellate Procedure,
for Claims II and V.

By copy of the R & R, each party was advised of the right to
file written objections to the findings and recommendations made by
the Magistrate Judge.   On January 16, 2007, the court received
petitioner's "Objections to Magistrate Judge's Report and
Recommendation," and respondent's "Objections to Magistrate Judge's
Report and Recommendation."   The parties' respective responses to
the objections were filed on February 2, 2007.[1]

---

[1] The Clerk originally filed petitioner's response subject to
defect for being one day late.   By Order, dated February 8, 2007,
however, this court directed the Clerk to lift the defect and file
the response as of February 2, 2007.   In addition, petitioner's
original response was incomplete as it accidentally omitted a
response to respondent's objections to Claim III.   However, by this
same Order, the court granted petitioner's "Unopposed Motion for

Petitioner objects to three of the Magistrate Judge's recommendations to deny the individual claims presented in the petition, as well as other rulings within these claims.[2] Petitioner maintains that these claims entitle him to conduct discovery, present evidence, and ultimately obtain a writ of habeas corpus.  Respondent does not contest any ultimate recommendations of the Magistrate Judge, but objects to many specific rulings in the R & R.[3]

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court, having reviewed the record in its entirety, shall make a de novo determination of those portions of the Magistrate Judge's R & R to which petitioner and respondent have specifically objected.  Fed. R. Civ. P. 72(b).  The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions.  28 U.S.C. § 636(b)(1).

---

Leave to File Supplemental Response Omitted from Response Filed February 2, 2007" and directed the Clerk to file "Petitioner's Recompiled Response to Director's Objections to Magistrate Judge's Report and Recommendation," as of February 5, 2007.

[2] Petitioner specifically objects to the Magistrate Judge's recommendation and rulings as to Claims II, III, and V.  See infra Part III.B, C, & E.

[3] Respondent objects to many of the Magistrate Judge's rulings as to Claims I, II, III, and V.  See infra Part III.A, B, C, & E.

## I. FACTS AND PROCEDURAL HISTORY

The R & R contains a detailed statement of facts and procedural history of the case, which this court **ADOPTS**.

## II. CLAIMS PRESENTED

Petitioner has set forth the following claims as grounds for federal habeas relief:

(a) Claim I - [(A)] the trial court erred in denying Green's motion for a change of venue, and [(B)] trial counsel unreasonably failed to timely object;

(b) Claim II - trial counsel unreasonably failed to note an appeal of Green's noncapital convictions and sentences after the first trial;

(c) Claim III - [(A)] trial counsel unreasonably failed to request a mitigation expert and [(B)] they unreasonably failed to investigate and [(C)] present mitigation evidence, in violation of Green's rights under the Sixth Amendment;

(d) Claim IV - trial counsel unreasonably failed to articulate the "particularized need" that was necessary to obtain the assistance of an investigator; and,

(e) Claim V - Green is under sentence of death in violation of the Eighth Amendment to the United States Constitution due to his being mentally retarded.

R & R at 6.

## III. OBJECTIONS TO THE R & R

In addressing each objection of petitioner and respondent, the court will generally follow the organization of the Magistrate Judge's R & R, analyzing the objections within each claim.

4

## A. Claim I: Change of Venue Issues

Respondent concurs with the Magistrate Judge's recommendation to dismiss Claim I; however, respondent objects to three specific rulings.  Petitioner does not object to any ruling in the R & R on this claim.

### 1. Claim I(A): Trial Court Error in Denying Motion for Change of Venue

#### a. Standard of Review

Respondent first objects to the standard of review that the Magistrate Judge utilized in considering this claim.  Petitioner claims that the trial court erred in denying his motion for a change of venue due to pretrial publicity, in violation of the Sixth, Eighth, and Fourteenth Amendments.  In considering this allegation, the Magistrate Judge correctly noted that it had been raised by petitioner on direct appeal, yet was denied by the Supreme Court of Virginia as being procedurally defaulted, as trial counsel had failed to preserve the issue.  R & R at 8; see Green v. Commonwealth, 266 Va. 81, 93-95, 580 S.E.2d 834, 841-42 (2003).  Because the Supreme Court of Virginia declined to consider this issue on the merits based on an adequate and independent state procedural rule,[4] this federal court, sitting in habeas, may only

---

[4] Both parties agree that Rule 5:25 of the Rules of the Supreme Court of Virginia, which provides that error will not be sustained on appeal unless an objection is stated with reasonable certainty at the time of the trial court's ruling, is an adequate and independent procedural rule as applied in this instance.

review the claim if petitioner has demonstrated both "cause and prejudice" for the default.   <u>See</u> <u>Mu'Min v. Pruett</u>, 125 F.3d 192, 196-97 (4th Cir. 1997).   Petitioner asserts that the ineffective assistance of his trial counsel in failing to preserve this issue for appeal constitutes "cause" and results in "prejudice," which excuses the procedural default.[5]   In reviewing the ineffective assistance of counsel claim as cause for procedural default, <u>see</u> <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986), the Magistrate Judge, at the urging of petitioner, considered the issue <u>de novo</u>, instead of under the deferential standard provided for in 28 U.S.C. § 2254(d).[6]   <u>See</u> R & R at 9-10.   It is this holding to which

---

[5] This court notes that petitioner submitted a freestanding ineffective assistance of counsel claim on this issue in the state habeas proceeding; however, the Supreme Court of Virginia denied the claim on the merits, finding that petitioner had suffered no prejudice.   As a result of this decision, this court finds that petitioner has exhausted the review of his independent ineffective assistance claim and has properly asserted the claim as "cause" for procedural default.   <u>See</u> <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451-53 (2000).

[6] This statute specifically provides that

[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on

6

respondent objects.

This specific issue has been called a "preliminary puzzle," and, in order to solve it, this court must evaluate whether "the same claim of ineffective assistance of counsel get[s] reviewed differently when presented merely as cause for a procedural default as opposed to being presented [separately] in a petition" as a freestanding claim for habeas relief. Lee v. Davis, 328 F.3d 896, 901 (7th Cir. 2003). It is undisputed that when this claim is presented as an independent basis of relief, which has been previously adjudicated on the merits by a state court, the court must consider it under the deferential standard of review provided for in 28 U.S.C. § 2254(d). See id. However, courts have differed over whether the ineffective assistance of counsel claim as cause for procedural default should be reviewed de novo or with statutory deference. See id. Although the Fourth Circuit has expressly refrained from deciding this issue, see Orbe v. True, 82 F. App'x 802, 808 (4th Cir. 2003) (per curiam) (unpublished), this court, in its independent review of the issue, agrees with the Magistrate Judge's holding that the proper standard is de novo. This holding is consistent with the decisions of the Third and Sixth Circuits, as well as other federal courts. See Joseph v. Coyle, 469 F.3d

---

an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

441, 459 (6th Cir. 2006) (holding that the district court need not review petitioner's ineffective assistance of counsel claim for the purpose of establishing cause under the deferential standard of 28 U.S.C. § 2254(d)); <u>Fischetti v. Johnson</u>, 384 F.3d 140, 154-55 (3d Cir. 2004) (finding that there is a "differing standard for evaluating constitutional error as a substantive basis for relief and as a cause to avoid default of other claims" and that for determining cause, only a "straightforward [<u>de novo</u>] analysis [of] whether the denial of counsel was 'an independent constitutional violation'" is required); <u>Torrefranca v. Schriro</u>, No. Civ-05-2909, 2006 WL 1981788, at *10 n.5 (D. Ariz. July 13, 2006) (stating that "[t]he court analyzes the issue of ineffective assistance of counsel [as cause for procedural default] without applying the deferential" standard of review); <u>Holloway v. Horn</u>, 161 F. Supp. 2d 452, 478 n.12 (E.D. Pa. 2001) (same); <u>Holloway v. Horn</u>, 150 F. Supp. 2d 706, 747 (E.D. Pa. 2001) (same). <u>But see</u> <u>Orbe v. True</u>, 233 F. Supp. 2d 749, 758-59 (E.D. Va. 2002) (Ellis, J.) (holding that "§ 2254(d)'s plain language requires a federal court on habeas review to apply that provision's deferential review standard to a state merits adjudication of an ineffective assistance claim whether that claim is asserted as cause for default or as an independent, substantive claim for relief").[7]   Accordingly,

---

[7] Petitioner incorrectly characterized the district court opinion of <u>Orbe</u> as binding precedent.  As the Supreme Court has noted, decisions of a district court judge are not binding on other

respondent's objection is **OVERRULED**.


### b. Counsel's Performance

In his <u>de novo</u> evaluation of ineffective assistance of counsel as cause for procedural default, the Magistrate Judge determined that petitioner's trial counsel performed unreasonably in failing to preserve the trial court's denial of his motion for transfer of venue as error.  <u>See</u> R & R at 10.  Respondent objects to this finding of deficient performance.  When analyzing this claim, the Magistrate Judge recognized that the controlling standard for ineffective assistance of counsel claims is found in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). <u>See</u> R & R at 10.  To grant relief under <u>Strickland</u>, the court must find (1) that the "performance" of petitioner's counsel fell below an objective standard of reasonableness, and (2) that counsel's deficient performance "prejudiced" him to the extent that it denied him a fair trial. 466 U.S. at 688-89, 691-92.  In the R & R, the Magistrate Judge found that trial counsel performed unreasonably under the first prong of <u>Strickland</u>, when they did not object to the trial court's taking the motion for change of venue under advisement pending the outcome of <u>voir dire</u>, did not renew the motion after <u>voir dire</u> was

---

district court judges, even within the same district.  <u>See, e.g.</u>, <u>Gasperini v. Ctr. for Humanities, Inc.</u>, 518 U.S. 415, 430 n.10 (1996) (stating that each district court judge "sits alone and renders decisions not binding on the others").

completed, and did not renew the motion after the parties completed their peremptory strikes.  See R & R at 10-11.  After reviewing this issue independently, this court also holds that petitioner's trial counsel performed unreasonably in this circumstance, especially considering that neither respondent nor trial counsel offered any reasonable explanation for the failure to preserve this issue for appeal.[8]  Accordingly, respondent's objection is **OVERRULED**.

## 2. Claim I(B): Freestanding Ineffective Assistance of Counsel for Failure to Timely Object to Trial Court's Denial of Motion for a Change of Venue

Petitioner also claims ineffective assistance of counsel as an independent basis for relief, citing trial counsel's failure to properly raise or preserve the motion for change of venue as error for appeal.  In the R & R, the Magistrate Judge noted that petitioner had previously raised this claim in his state habeas petition.  See R & R at 15-16.  At the state level, the Supreme Court of Virginia denied this claim on the merits, holding that petitioner failed to establish "prejudice" under Strickland.  However, because the Supreme Court of Virginia did not evaluate

---

[8] Although the Magistrate Judge found that petitioner satisfied the "performance" prong of Strickland, he ultimately concluded that petitioner failed to establish "prejudice." R & R at 11.  Therefore, the Magistrate Judge found that trial counsel did not render constitutionally ineffective assistance of counsel in this claim. Id. at 15.  Because of this ruling, the Magistrate Judge did not excuse the procedural default and thus did not reach the merits of Claim I(A). Id. Petitioner did not object to this ruling of the Magistrate Judge.

"performance" under Strickland, the Magistrate Judge considered it de novo and found again that trial counsel's performance was constitutionally deficient. See R & R at 16. Respondent objects to this de novo finding and argues that it was error for the Magistrate Judge to even evaluate counsel's performance, when he ultimately concluded that the Supreme Court of Virginia reasonably applied Strickland in holding that petitioner suffered no prejudice.[9]

After thoroughly reviewing this issue, the court finds that the Magistrate Judge properly reviewed the performance of petitioner's trial counsel de novo, as the Supreme Court of Virginia did not evaluate that particular prong of Strickland in the state habeas proceeding. Cf. Wiggins v. Smith, 539 U.S. 510, 534 (2003) (stating that a federal court could consider the "prejudice" prong of Strickland de novo when there was no state court conclusion on that particular prong); Joseph v. Coyle, 469 F.3d 441, 460 n.14 (6th Cir. 2006) (same); Honeycutt v. Roper, 426 F.3d 957, 961 (8th Cir. 2005) (same); Canaan v. McBride, 395 F.3d 376, 382-83 (7th Cir. 2005) (same); Harris v. Artuz, 100 F. App'x 56, 59 (2d Cir. 2004) (unpublished) (same). Furthermore, just as in Claim I(A), this court finds, under de novo review, that trial

---

[9] Because the Supreme Court of Virginia explicitly found that petitioner was not prejudiced in this instance, the Magistrate Judge correctly evaluated the prejudice prong under the deferential standard of review in 28 U.S.C. § 2254(d). See R & R at 16.

counsel's performance was unreasonable in failing to preserve the denial of the motion for a change of venue as error.  Accordingly, respondent's objection is **OVERRULED**.

## B. Claim II: Ineffective Assistance of Counsel for Failure to Note Appeal of Noncapital Convictions

Both petitioner and respondent filed objections to the Magistrate Judge's ruling on this claim.  Respondent agrees with the Magistrate Judge's recommendation to dismiss Claim II, but objects to two specific rulings in the R & R.[10]  Petitioner objects to the overall recommendation and four rulings of the Magistrate Judge as to this claim.

### 1. State Procedural Default

In this claim, petitioner argues that he received ineffective assistance of counsel after his first trial, when trial counsel failed to appeal his noncapital convictions, even though they appealed his capital conviction, which was successful.[11]  Petitioner

---

[10] Respondent also asserts one minor objection to the R & R. Specifically, respondent notes, and petitioner agrees, that the Magistrate Judge erred when he stated that "[u]pon completion of Green's first trial, he appealed his capital conviction, but not his death sentence or noncapital convictions, to the Virginia Supreme Court."  R & R at 19.  Both respondent and petitioner state that petitioner appealed his capital conviction <u>and</u> death sentence following his first trial.  <u>See</u> <u>Green v. Commonwealth</u>, 262 Va. 105, 107, 546 S.E.2d 446, 447 (2001).  Thus, the court **SUSTAINS** respondent's objection and modifies the R & R accordingly.

[11] In his first trial, petitioner was convicted of capital murder during the commission of robbery, robbery, malicious wounding, and three counts of illegal use of a firearm.  The Supreme Court of Virginia overturned petitioner's first conviction of capital murder on direct appeal because of juror bias.  <u>See</u>

included this claim in his state habeas petition, but the Supreme Court of Virginia found it to be procedurally defaulted because it was filed outside of Virginia's statute of limitations under section 8.01-654(A)(2) of the Virginia Code.[12]  In order to consider a procedurally defaulted claim, this court must determine whether the state procedural rule that barred the claim was "adequate and independent."  See Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997).  The Magistrate Judge noted that if the court finds that the rule is inadequate, the procedural default is excused, and the court may then address the claim; on the other hand, if the court finds that the rule is adequate, the court may only address the claim if cause and prejudice excuse the procedural default.  See R & R at 21.

Respondent first objects to the Magistrate Judge's conclusion that Virginia's statute of limitations for filing a state habeas

---

Green, 262 Va. at 116, 546 S.E.2d at 451.  However, petitioner remained convicted of the noncapital offenses because his trial counsel failed to appeal them.

[12] This statute provides:

A habeas corpus petition attacking a criminal conviction or sentence, . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

VA. CODE ANN. § 8.01-654(A)(2).  The Supreme Court of Virginia found that petitioner failed to satisfy the two-year limitation period in the statute, which was the applicable later provision in this case.

petition, <u>as applied in this case</u>, was not an adequate and independent state procedural rule.  In support, respondent cites the general rule that the untimely filing of a state habeas petition constitutes an adequate and independent basis for denying federal habeas relief, absent a showing of cause and prejudice. <u>See, e.g.</u>, <u>Littlefield v. Hinkle</u>, No. 7:05CV00419, 2005 WL 3157546, at *2 (W.D. Va. Nov. 23, 2005); <u>Lebedun v. Baskerville</u>, No. Civ.A. 00-1427-AM, 2001 WL 34803138, at *4-5 (E.D. Va. July 10, 2001). Nevertheless, the Supreme Court has recognized that there are "exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." <u>Lee v. Kemna</u>, 534 U.S. 362, 376 (2002).  Furthermore, the Supreme Court has stated that a rule that "is unassailable in most instances, <u>i.e.</u>, it ordinarily serves a legitimate governmental interest[,]" is not adequate in those rare circumstances where "unyielding application of the general rule would disserve any perceivable interest." <u>Id.</u> at 379-80.  The Fourth Circuit has also recognized that a general rule may not necessarily serve as an adequate bar in an individual case, even if it is adequate generally.  <u>See</u> <u>Reid v. True</u>, 349 F.3d 788, 805 (4th Cir. 2003) (stating that "the fact that a state procedural rule is adequate in general does not answer the question of whether the rule is adequate as applied in a particular case").

Within this framework, the Magistrate Judge concluded, and

14

this court agrees, that since petitioner was represented by the same counsel he now claims to have been ineffective when the Virginia statute of limitations expired, the type of exceptional circumstance contemplated by Lee and Reid is presented here.  See R & R at 21-22.  Thus, this court excuses petitioner's state procedural default, because Virginia's statute of limitations as to state habeas petitions under section 8.01-654(A)(2) of the Virginia Code is not adequate and independent as applied in this case. Accordingly, respondent's objection is **OVERRULED**.

Respondent also objects to the Magistrate Judge's conclusion that even if the Virginia statute of limitations on this issue was considered adequate and independent, the state court procedural default would still be excused because petitioner had demonstrated sufficient cause and prejudice.  As discussed previously, attorney error rising to the level of ineffective assistance of counsel under the Sixth Amendment may establish cause for procedural default.  See Murray v. Carrier, 477 U.S. 478, 488-89 (1986); see supra Part III.A.1.a.  After reviewing this issue independently, this court finds that trial counsel was constitutionally ineffective when they failed to appeal petitioner's noncapital convictions.  Petitioner's counsel's performance fell below the objective standard of reasonableness in this instance, and petitioner suffered prejudice as such an appeal of his noncapital convictions would surely have been successful, considering his

15

capital conviction was originally overturned and remanded for a new trial based upon juror bias.   Accordingly, respondent's objection is **OVERRULED**.

## 2. Federal Statute of Limitations

Although the Magistrate Judge determined that the court could address Claim II, he concluded that the claim was not timely filed within the one-year federal statute of limitations under 28 U.S.C. § 2254(d)(1).[13]   See R & R at 32.   In so holding, the Magistrate

---

[13] This statute provides as follows:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of——

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Judge found that the federal statute of limitations was properly triggered on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."  28 U.S.C. § 2244(d)(1)(B).  Under this subsection, the Magistrate Judge determined that the government's appointment of ineffective counsel served as the impediment to filing that was removed when competent counsel was appointed.  See R & R at 28.  As the government appointed competent counsel for the state habeas proceeding on June 26, 2003, which were different from petitioner's trial counsel, the Magistrate Judge used this date as the trigger for the applicable limitations period.  Id.  It is this holding to which petitioner first objects.  Petitioner argues that the federal limitations period did not begin to run until February 23, 2004, the date on which the Supreme Court denied petitioner's writ of certiorari, which petitioner argues officially ended the representation of his ineffective trial counsel.  However, this court finds no error, either in law or fact, in the Magistrate Judge's analysis of this claim.  The Magistrate Judge correctly held that the appointment of state habeas counsel triggered the date for the federal statute of limitations under 28 U.S.C. § 2244(d)(1)(B).  Accordingly, petitioner's objection is **OVERRULED**.

In further considering the timeliness of petitioner's federal

habeas petition as to this claim, the Magistrate Judge evaluated whether statutory tolling applied from April 22, 2004, to April 29, 2005, the time during which the Supreme Court of Virginia considered petitioner's state habeas petition.   The tolling provision specifically provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."   28 U.S.C. § 2244(d)(2) (emphasis added). If a "properly filed application" for a state habeas appeal is filed, the federal statue of limitations is tolled for the whole duration of state collateral review, including the time during which a petition for rehearing is pending before the Supreme Court of Virginia.

Petitioner objects to the Magistrate Judge's interpretation of what constitutes a "properly filed application."   The Magistrate Judge followed the binding precedent of Pace v. DiGuglielmo, 544 U.S. 408 (2005), which stated that 28 U.S.C. § 2244(d)(2) refers to a "properly filed application . . . with respect to the pertinent judgment or claim." Id. at 414 (emphasis in original).   Under this rule, the Magistrate Judge concluded that the federal statute of limitations could not be tolled in this instance, because petitioner's state habeas petition was not properly filed with respect to his ineffective assistance of counsel claim, as it was

18

procedurally defaulted.  <u>See</u> R & R at 31-32.  Based on this court's review of this issue, the court finds that <u>Pace</u> requires a claim-by-claim analysis in determining whether a habeas petition constitutes a "properly filed application" for statutory tolling purposes.[14]  Accordingly, petitioner's objection is **OVERRULED**.

Lastly, petitioner objects to the Magistrate Judge's failure to apply equitable tolling to this claim.  This court notes that petitioner did not present this argument to the Magistrate Judge; instead, petitioner raises this argument for the first time in his objections to the Magistrate Judge's R & R.  Nevertheless, this court will consider the issue of equitable tolling <u>de novo</u>.  <u>See</u> <u>United States v. George</u>, 971 F.2d 1113, 1117-18 (4th Cir. 1992) (stating that a district court is required to consider all arguments regardless of whether they were raised before the magistrate judge).

The Fourth Circuit has recognized that the federal statute of limitations under 28 U.S.C. § 2244(d) is subject to the discretionary doctrine of equitable tolling.  <u>See</u> <u>Harris v. Hutchinson</u>, 209 F.3d 325, 329-30 (4th Cir. 2000).  However, as stated in <u>Harris</u>, equitable tolling will rarely apply:

> [A]ny invocation of equity to relieve the strict
> application of a statute of limitations must be guarded

---

[14] This court notes that even if statutory tolling were applied, the federal statute of limitations for a federal habeas petition expired before petitioner filed his petition as to this claim.  Thus, this claim is barred from the court's consideration.

and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where——due to circumstances external to the party's own conduct——it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Id. at 330. "Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Thus, generally, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Petitioner argues that he has satisfied the extraordinary circumstances test because he continued to be represented by ineffective counsel during the entire time the state habeas statute of limitations was running on this claim. Even if this court accepted petitioner's theory, he would not be entitled to relief because he has not established the requisite diligence. Competent state habeas counsel was appointed on June 26, 2003, and this date triggered the running of the federal statute of limitations; however, petitioner did not file his state habeas petition until April 22, 2004, nearly ten months later. Furthermore, as previously stated, even if this court tolled the period of time

when state habeas proceedings were pending, the federal limitations period still expired before the petitioner filed his petition on December 1, 2005.    Accordingly, petitioner's objection is **OVERRULED**.

### C. Claim III: Ineffective Assistance of Counsel as Related to Mitigation Evidence Issues

Both petitioner and respondent filed objections to the Magistrate Judge's ruling on this claim.   Respondent concurs with the Magistrate Judge's recommendation to dismiss Claim III; however, respondent objects to one specific ruling of the Magistrate Judge on this particular claim.   Petitioner asserts three objections to the R & R, as well as an additional objection to the Magistrate Judge's decision to deny funds for the appointment of a mitigation specialist.

### 1. Claim III(A): Ineffective Assistance of Counsel for Failure to Move for the Appointment of a Mitigation Specialist

Both respondent and petitioner object to different aspects of the Magistrate Judge's report as to this claim, which ultimately concluded that petitioner's trial counsel had not rendered ineffective assistance of counsel even though they failed to move for the appointment of a mitigation specialist in the second trial. This claim was denied on the merits by the Supreme Court of Virginia in the state habeas proceeding,[15] and thus the Magistrate

---

[15]The Supreme Court of Virginia expressly found that petitioner had failed to satisfy <u>both</u> prongs of <u>Strickland</u>. <u>See</u> <u>Green v. Warden</u>, No. 040932 (Va. Feb. 9, 2005); (Pet. App. Tab. No. 1).

Judge correctly reviewed the claim under the deferential standard of 28 U.S.C. § 2254(d).  In his analysis, the Magistrate Judge determined that the Supreme Court of Virginia unreasonably applied Strickland as to "performance" and instead found that trial counsel's performance fell below the objective standard of reasonableness when they failed to move for a mitigation specialist.  See R & R at 37.  It is this holding to which respondent objects.  The Magistrate Judge also concluded that the Supreme Court of Virginia reasonably applied Strickland in holding that petitioner suffered no prejudice from counsel's deficient performance.  See R & R at 39.  It is this holding to which petitioner objects.

As to the evaluation of trial counsel's "performance," this court holds that the Magistrate Judge correctly concluded that the Supreme Court of Virginia unreasonably applied Strickland.[16]  "A state-court decision that correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case certainly would qualify as a decision 'involv[ing]

---

[16] Although the Supreme Court of Virginia held that the performance of petitioner's trial counsel was not constitutionally deficient for failing to move for a mitigation specialist, this court notes that the state court failed to provide any discussion or analysis of counsel's performance.  Instead, the Supreme Court of Virginia focused its discussion solely on the "prejudice" prong and only stated in conclusory fashion that petitioner failed to satisfy both prongs of Strickland.  See Green v. Warden, No. 040932 (Va. Feb. 9, 2005); (Pet. App. Tab No. 1).  Thus, it is difficult for this court to identify any relevant evidence that the state court considered in its evaluation of trial counsel's performance.

an unreasonable application of . . . clearly established Federal law.'" <u>Williams v. Taylor</u>, 529 U.S. 362, 407-08 (2000).  This statement summarizes the Magistrate Judge's finding with respect to the state court's unreasonable evaluation of trial counsel's performance.  Respondent incorrectly suggests that the Magistrate Judge simply disagreed with the Supreme Court of Virginia and made a <u>de</u> <u>novo</u> review of this claim.  Given the information that trial counsel knew about petitioner's background, prevailing professional norms in capital cases, and evidence that counsel's failure to request a mitigation specialist was not strategic,[17] this court agrees with and adopts the Magistrate Judge's analysis of this claim.  This court holds that petitioner has produced sufficient evidence to establish that trial counsel's performance was unreasonable as to this issue.  <u>Cf.</u> <u>Taylor v. Mitchell</u>, 296 F. Supp. 2d 784, 807 (N.D. Ohio 2003) (stating that trial counsel were insulated from an ineffective assistance of counsel claim because they moved for a mitigation specialist at trial).  Accordingly, respondent's objection is **OVERRULED**.

Furthermore, as to the analysis of "prejudice," this court

---

[17] The Magistrate Judge persuasively noted that "[c]ounsel's failure to file the motion was not strategic."  R & R at 36.  The Magistrate Judge explained that trial counsel did not strategically decide to abandon the motion for a mitigation specialist, but instead, inadvertently failed to make the motion.  <u>Id.</u>  In support, the Magistrate Judge stated that trial counsel assigned the denial of the motion as an error on direct appeal, even though they never made the motion in court at the second trial.  <u>Id.</u>

concludes that the Magistrate Judge correctly determined that the Supreme Court of Virginia reasonably applied <u>Strickland</u>. In its finding that petitioner suffered no prejudice by his trial counsel's failure to request a mitigation specialist, the Supreme Court of Virginia specifically held that petitioner failed to meet his burden because he had not presented "any specific information that a mitigation specialist could have used that would have affected the outcome of the trial." <u>Green v. Warden</u>, No. 040932 (Va. Feb. 2, 2005); (Pet. App. Tab. No. 1). The Magistrate Judge properly stated that petitioner failed to produce any evidence that renders this finding unreasonable, expressly noting that (1) trial counsel moved for a mitigation specialist during the first trial, and presented no argument as to how this motion would have been successful at the second trial; (2) much of the mitigation evidence that petitioner argues should have been presented is cumulative; and (3) even the proposed mitigation evidence would have done little to mitigate petitioner's crime in the eyes of the jury. <u>See</u> R & R at 39-40, 43. Moreover, petitioner's primary argument—that the Magistrate Judge's finding is fundamentally flawed because it requires petitioner to identify information and witnesses that a mitigation specialist would have produced without the benefit of a hearing or appointment of a specialist—is misplaced. The burden rests with petitioner, and respondent properly argues that no authority requires the court to appoint a mitigation specialist

24

upon the allegation that evidence *might* exist and *might* have made a difference.   Thus, the court, in its *de novo* review of this issue, finds that the Supreme Court of Virginia reasonably concluded that petitioner failed to demonstrate prejudice as required by *Strickland*.   Accordingly, petitioner's objection is **OVERRULED**.

## 2. Claim III(B): Ineffective Assistance of Counsel for Failure to Adequately Investigate Mitigation Evidence

Petitioner next objects to the Magistrate Judge's finding that the Supreme Court of Virginia reasonably applied *Strickland* when it concluded that petitioner's trial counsel performed reasonably in investigating mitigation evidence.   The Supreme Court of Virginia denied relief on the merits of this claim, and thus, the Magistrate Judge reviewed the claim under the deferential standard of 28 U.S.C. § 2254(d).   The Magistrate Judge held that trial counsel sufficiently investigated mitigation evidence, which included conducting interviews with family members, administering IQ tests, and taking efforts to locate records pertinent to the case.   *See* R & R at 44.   From this court's *de novo* review of this issue, it agrees with the Magistrate Judge and finds the Supreme Court of Virginia's holding, that this investigation was constitutionally sufficient, to be reasonable.   Accordingly, petitioner's objection is **OVERRULED**.

### 3. Claim III(C): Ineffective Assistance of Counsel for Failure to Present Sufficient Mitigation Evidence

Petitioner also asserts an objection to the Magistrate Judge's holding that the Supreme Court of Virginia reasonably applied Strickland in determining that trial counsel sufficiently presented mitigation evidence during the sentencing phase of the second trial. Petitioner's argument that trial counsel's performance was ineffective, because they offered the same mitigation evidence as to future dangerousness that was presented at the first hearing where petitioner was found to be death eligible, is insufficient by itself. Considering this claim under the deferential standard of 28 U.S.C. § 2254(d), the Magistrate Judge correctly held that petitioner's trial counsel reasonably presented mitigation evidence, including testimony from five witnesses, for the purpose of rebutting petitioner's death eligibility. As a result, just as the Magistrate Judge concluded, this court finds that the Supreme Court of Virginia reasonably applied Strickland in this instance. Accordingly, petitioner's objection is **OVERRULED**.

### 4. Denial of Motion for a Mitigation Specialist

Petitioner also reasserts an objection to the Magistrate Judge's earlier denial of his motion for a mitigation specialist. On February 3, 2006, petitioner filed a motion for a mitigation specialist. The Magistrate Judge denied this motion on April 7, 2006, and petitioner submitted an objection on April 21, 2006.

Although the Magistrate Judge addressed other matters in his May 7, 2006, Opinion and Order, petitioner's objection was never ruled on by this court.   Consequently, this court will now review the Magistrate Judge's decision to deny petitioner's motion for a mitigation specialist, along with petitioner's objection.

Pursuant to 28 U.S.C. § 636(b)(1)(A), a district court judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court."   28 U.S.C. § 636(b)(1)(A).   Following the Magistrate Judge's ruling, a district court judge "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Id.; see FED. R. CIV. P. 72(a).   The decision of whether to appoint a mitigation specialist is a pretrial matter, and thus will be reviewed under the clearly erroneous standard.

Petitioner contends that the Magistrate Judge erroneously denied his motion for a mitigation specialist to assist in the development of his claim of prejudice resulting from trial counsel's actions.   The law entitles capital defendants to qualified legal representation in any post conviction proceeding under 28 U.S.C. § 2254, as well as expert and investigative services that are "reasonably necessary" for their representation. See Bell v. True, 366 F. Supp. 2d 403, 405 (W.D. Va. 2005) (citing 21 U.S.C. § 848(q)(4)(B), (q)(9)).   Courts have held that expert

27

services are "reasonably necessary 'when a substantial question exists over an issue requiring expert testimony for its resolution and the defendant's position cannot be fully developed without professional assistance.'"  See id. (quoting Wright v. Angelone, 151 F.3d 151, 163 (4th Cir. 1998)).  "Expert services are not reasonably necessary if the record, viewed in light of the forecasted evidence, would not entitle petitioner to an evidentiary hearing on his claims, or if the petitioner would not be able to win on the merits regardless of the expert's findings." Id.  In considering the forecasted evidence presented by petitioner, the Magistrate Judge did not make a clearly erroneous finding that petitioner had failed to produce evidence that would entitle him to an evidentiary hearing or win on the merits of Claim III.  See Lawson v. Dixon, 3 F.3d 743, 753 (4th Cir. 1993).  Accordingly, this court finds that the Magistrate Judge did not clearly err in denying petitioner's motion for a mitigation specialist.

### D. Claim IV: Ineffective Assistance of Counsel for Failure to Articulate a "Particularized Need" to Obtain Investigator

As neither party has objected to the Magistrate Judge's finding or recommendation as to Claim IV, this court **ADOPTS** this ruling, as it is not clearly erroneous.  See, e.g., Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that if there is no objection to a particular recommendation of a magistrate judge, then the district court need only satisfy itself that there is no clear error on the face of the

record in order to accept the recommendation).

## E. Claim V: Mental Retardation

Respondent concurs with the Magistrate Judge's recommendation to dismiss Claim V; however, respondent objects to many specific rulings in the R & R.[18]  Petitioner also objects to many rulings, as well as the recommendation, in the Magistrate Judge's report as to this claim.

After conducting a three-day evidentiary hearing and thorough review of the applicable materials, the Magistrate Judge concluded that petitioner's death sentence did not violate the Eighth Amendment because petitioner failed to prove mental retardation as required by section 19.2-264.3:1.1 of the Virginia Code.  After reviewing the entire record on this claim, examining all of the objections filed by respondent and petitioner, and making de novo findings with respect to the portions objected to, this court finds no error in law or fact in the Magistrate Judge's thorough analysis of Claim V. The Magistrate Judge correctly concluded that the Supreme Court of Virginia unreasonably held that petitioner's claim of mental retardation was frivolous, which allowed the Magistrate Judge to conduct a de novo review of this claim.  In addition,

---

[18] On March 14, 2007, respondent submitted supplemental authority to support his objections to the R & R on Claim V, to which the petitioner objected on March 15, 2007.  It is not necessary for the court to review this supplemental authority to resolve the objections to the R & R, and the court declines to do so.

under this _de novo_ review, there was nothing improper about the Magistrate Judge's granting of an evidentiary hearing in this matter or his admission of evidence at such hearing.  As this court has stated, the Magistrate Judge was specifically designated to conduct an evidentiary hearing by this court's standing referral order and the governing statute, 28 U.S.C. § 636(b)(1)(B).

Further, after reviewing the record of the evidentiary hearing, and all of the applicable record evidence, this court finds that the Magistrate Judge correctly concluded that petitioner does not legally qualify as "mentally retarded."  _See_ VA. CODE ANN. § 19.2-264.3:1.1(A).  This statute defines "mentally retarded" as

> a disability, originating before the age of 18 years, characterized concurrently by (i) significantly subaverage intellectual functioning as demonstrated by performance on a standardized measure of intellectual functioning administered in conformity with accepted professional practice, that is at least two standard deviations below the mean and (ii) significant limitations in adaptive behavior as expressed in conceptual, social and practical adaptive skills.

VA. CODE ANN. § 19.2-264.3:1.1(A).  Moreover, petitioner bears the burden of proving mental retardation by a preponderance of the evidence, _see_ _id._ § 19.2-264.3:1.1(C), and the Magistrate Judge properly considered the evidence in this context.

Under the first prong of the mental retardation definition, petitioner met his burden in presenting sufficient evidence to demonstrate "significantly subaverage intellectual functioning." _See_ _id._ § 19.2-264.3:1.1(A)(i).  First, the Magistrate Judge

30

properly considered three of petitioner's IQ test scores, which included the WISC-R, WAIS-III, and WASI.[19]  See R & R at 72-74. Next, the Magistrate Judge correctly refused to adjust these test scores based upon the standard error of measurement, practice effect, or adjustment of the WAIS-III score, holding that such adjustments were speculative and not fully supported by expert evidence.  See R & R at 75-79.  Notwithstanding, the Magistrate Judge properly took the "Flynn effect"[20] into account during his analysis of petitioner's intellectual functioning, which reduced petitioner's score on the WISC-R to at least two standard deviations below the mean.  R & R 82-84; see United States v. Parker, NMCCA 9501500 (N-M. Ct. Crim. App. Feb. 28, 2007). Although the Fourth Circuit does not require the application of the Flynn effect, it has instructed district courts to consider the persuasiveness of expert evidence as to this effect.  See Walker v. True, 399 F.3d 315, 322-23 (4th Cir. 2005).  The Magistrate Judge did so in his report, and based upon a de novo review of the record, this court finds that the Magistrate Judge properly evaluated such evidence in applying the Flynn effect.  Finally,

---

[19] Based upon his evaluation of expert evidence and testimony, the Magistrate Judge properly excluded petitioner's scores on the WAIS-R and Ammons and Ammons Quick Test.  See R & R at 72 & 74.

[20] "The premise of the 'Flynn effect' is that IQ scores increase over time and that IQ tests that are not renormed to take into account rising IQ levels will overstate a testtaker's IQ score." Walton v. Johnson, 440 F.3d 160, 178 n.22 (4th Cir. 2006).

this court holds that the Magistrate Judge also properly disregarded petitioner's argument as to scoring errors and respondent's argument as to malingering. <u>See</u> R & R at 84-86.

Under the second prong of the mental retardation definition, however, petitioner failed to meet his burden in proving that he has "significant limitations in adaptive behavior as expressed in conceptual, social and practical adaptive skills." VA. CODE ANN. § 19.2-264.3:1.1(A)(ii). Despite presenting evidence that he displays <u>some</u> limitations in adaptive behavior, including having below average mental intelligence, struggling to perform some basic activities, and exhibiting anti-social behavior, petitioner has failed to demonstrate, within the three subsets of adaptive behavior, that he suffers <u>significant</u> limitations. <u>See</u> R & R at 100-04. The Magistrate Judge thoroughly considered the limitations of petitioner's adaptive behavior, as presented by expert testimony and evidence, yet persuasively and correctly concluded that petitioner simply failed to establish significant limitations, based upon evidence, in part, of petitioner's employment history, use of language, understanding of money concepts, self-direction, and relationships with others. <u>See</u> <u>id.</u> Accordingly, the objections of both respondent and petitioner as to Claim V are **OVERRULED**.

## IV. CONCLUSION

The court, having examined the objections to the Magistrate

Judge's R & R, and having reviewed the record and made <u>de</u> <u>novo</u> findings with respect to the portions objected to, does hereby **ADOPT AND APPROVE** the findings and recommendations set forth in the report of the United States Magistrate Judge, filed on December 15, 2006, with the minor modification made in footnote 10 herein.  It is therefore **ORDERED** that the petition be **DENIED AND DISMISSED** in its entirety.

Petitioner is **ADVISED** that he may appeal from this Opinion and Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, U.S. Courthouse, 600 Granby Street, Norfolk, Virginia, 23510.  Said written notice must be received by the Clerk within thirty (30) days from the date of this Opinion and Final Order.  As recommended by the Magistrate Judge, this court finds that petitioner has shown "a substantial showing of the denial of a constitutional right" as to Claims II and V, and thus, this court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, **ISSUES** a certificate of appealability as to these two claims.  <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting 28 U.S.C. § 2253(c)(2)).

The Clerk is **DIRECTED** to mail a copy of this Opinion and Final Order to counsel for petitioner and respondent.

**IT IS SO ORDERED**.

_____**/s/**_____
Rebecca Beach Smith

Norfolk, Virginia

March 26, 2007